IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOHANDY COLON, | : | MOTION TO VACATE |
| BOP No. 12235-359, | : | 28 U.S.C. § 2255 |
| Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:13-CV-462-WSD-ECS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
| Respondent. | : | 1:11-CR-12-WSD-ECS |

**FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on Johandy Colon's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Doc. No. 45]. Because it plainly appears from the motion and the record of prior proceedings that Mr. Colon is not entitled to relief, the undersigned recommends that his motion be summarily dismissed and that no certificate of appealability be issued.

Mr. Colon is collaterally attacking the 70-month sentence imposed on him after he was convicted for (1) illegal reentry of an alien deported after an aggravated felony conviction, (2) false representation of U.S. citizenship, and (3) making false statements in an application for and use of a passport. That sentence was found to be procedurally and substantively reasonable on direct appeal. See [Doc. No. 41].

On appeal, the United States Court of Appeals for the Eleventh Circuit summarized the facts as follows:

> Colon's criminal history includes a 1996 state conviction for criminal possession of a firearm, a 2001 conviction for attempted criminal possession with intent to sell cocaine, and 2006 convictions for criminal possession of marijuana and criminal possession of a loaded firearm. In 2007, Colon was convicted in federal court of possession of a firearm by a convicted felon. After completing his 30-month sentence, Colon was removed to the Dominican Republic on August 24, 2010.[1]
>
> Less than four months later, on December 16, 2010, Colon flew from the Dominican Republic to Hartsfield-Jackson International Airport in Atlanta, Georgia. At customs, Colon presented a U.S. passport in the name of Richard John Betancourt, who was represented to be a U.S. citizen. At the time, Colon was still on supervised release for the federal firearm conviction.

[Doc. No. 41 at 4-5].

Colon was taken into custody at Hartsfied-Jackson International Airport on December 16, 2010, and charged by complaint on December 17, 2010. See [Doc. No. 1]. He was subsequently indicted on January 18, 2011, and arraigned on January 26, 2011. See [Doc. Nos. 7, 12]. On March 19, 2011, some three months after his arrest, Colon entered a non-negotiated plea of guilty – and waived none of his appeal or collateral attack rights. See [Doc. No. 18]. At sentencing on June 3, 2011, the Honorable William S. Duffey determined that Colon's criminal history placed

---

[1] The undersigned notes that the government represented at Mr. Colon's change of plea hearing that he was removed on September 8, 2010. See [Doc. No. 33 at 28].

him in Category V and, after granting a two-level downward departure for acceptance of responsibility and considering all of the factors under 18 U.S.C. § 3553(a), sentenced Colon to a 70-month term of imprisonment (at the low-end of the applicable 70-87 month guideline range). See [Doc. No. 34].

Colon appealed the procedural and substantive reasonableness of his sentence, and that appeal was denied. Colon then filed the § 2255 motion now pending before the Court. Colon's sole argument is that his attorney provided ineffective assistance of counsel by failing to seek at sentencing to have Colon sentenced pursuant to a "fast track" program.

Early disposition or "fast track" programs were developed in the 1990s in districts along the southwestern border of the United States to deal with the large number of illegal reentry and other immigration cases pending in those districts. See United States v. Campos, 474 F.3d 1278, 1279 n.1 (11th Cir. 2006). They are intended to conserve scarce government resources by incentivizing defendants to plead guilty immediately and to waive certain pre-trial motion, direct appeal, and collateral attack rights in exchange for recognition that such cooperation reflects an acceptance of responsibility exceeding that already recognized under the United States Sentencing Guidelines. See http://www.justice.gov/dag/fast-track-program.pdf (last viewed

3

February 13, 2013) ("DOJ Memo") (discussing the so-called "fast-track sentencing discount."). Historically, however, not all federal districts participated in "fast track" programs, and, as of 2006, at least four federal circuit courts of appeal had determined that non-participating districts were not violating the equal protection rights of defendants who were thereby excluded from "fast track" plea and sentencing programs. Campos, 474 F.3d at 1279-80. Indeed, until quite recently, the Northern District of Georgia was not a participating district. Id. at 1279. And, when a "fast track" program was initially authorized for the Northern District of Georgia, it excluded illegal re-entry and many other immigration cases and was strictly limited to the use of "illegal identification documents at port of entry." See http://www.fd.org/docs/select-topics---sentencing/u-s-department-of-justice-2-1-08-memo-regarding-reauthorization-of-early-disposition-programs-(fast-track).pdf?sfvrsn=4 (last viewed February 13, 2013). Only as of January 31, 2012, did the United States Department of Justice direct all districts to participate in "fast track" programs, effective no later than March 1, 2012. DOJ Memo at passim.

Obviously, to the extent that the Northern District of Georgia did not have a "fast track" plea and sentencing program in place in December 2010, when Mr. Colon was taken into custody, that applied

4

to all three crimes he was charged with, his attorney was not ineffective for allegedly failing to ensure that Mr. Colon was included.

Furthermore, the United States Attorney prosecuting a case is not obliged to offer any particular defendant the opportunity to participate in a "fast track" program. Id. And when participation is offered, a "fast track" defendant is required to plead guilty almost immediately and also to waive certain pretrial motion, direct appeal, and collateral attack rights so that his or her case can be fully, and finally, resolved at sentencing. Id.[2]

Although Mr. Colon asserts in his § 2255 filing that "Petitioner's case has all criteria[] for a fast-track disposition," [Doc. No. 45-1 at 5], it is clear from the record that this is not true. First, Mr. Colon has not asserted that the United States Attorney for the Northern District of Georgia ever offered him the opportunity to participate in "fast track" or even

---

[2] The Department of Justice guidance on "fast track" programs specifically provides that defendants who have a history of firearms offenses, like Mr. Colon, may be excluded from participation. DOJ Memo at 2. And the current guidance provides that it is a prerequisite to participation that "[w]ithin 30 days from the defendant being taking into custody on federal criminal charges, absent exceptional circumstances," he plead guilty pursuant to a negotiated plea agreement that contains numerous specific rights waivers. Id. at 3.

5

that the Northern District of Georgia had such a program in place at the time he was arrested that covered all three of the crimes with which he was charged. Nor has Mr. Colon asserted that he offered to plead guilty within 30 days of being taken into custody. Rather, the record reflects that Mr. Colon waited three months – until after his case had been certified as ready for trial – to enter a <u>non-negotiated</u> plea that preserved his direct appeal and collateral attack rights. <u>See</u> [Doc. No. 18]. Thus, Mr. Colon has put the government to the task of dealing with extended pretrial proceedings and a direct appeal, and he now seeks to attack his sentence collaterally. Mr. Colon demands all the benefits of a "fast track" disposition, without having agreed to any of the burdens.[3]

In this case, Mr. Colon's counsel's handling of the case neither fell below an objective standard of reasonableness nor resulted in prejudice, and Mr. Colon did not receive ineffective assistance of counsel. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668

---

[3] Moreover, Mr. Colon misunderstands how the "fast-track" plea and sentencing program works, because his attorney could not have waited, as Mr. Colon suggests, to "request[] a fast-track disposition program, during sentencing proceeding." [Doc. No. 45-1 at 5]. Inclusion or exclusion of any particular defendant occurs at the very outset of the district court case, when he is charged, not at the very end, when he is sentenced.

(1984). Even taking as true all of the allegations in Mr. Colon's § 2255 motion, he cannot "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" and thereby "undermine confidence in the outcome." Id. at 695.

When "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the [Court] must dismiss the motion." 28 U.S.C. foll. § 2255, Rule 4(a). According, the undersigned **RECOMMENDS** that Mr. Colon's § 2255 motion [Doc. No. 45] be **DISMISSED**.

Because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," no evidentiary hearing is required. 28 U.S.C. § 2255(b).

In a § 2255 proceeding, this Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. foll. § 2255, Rule 11(a). A § 2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial

7

of a constitutional right, a § 2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted). Mr. Colon has not demonstrated that he is entitled to federal habeas relief or that the issue is reasonably debatable. The undersigned therefore **RECOMMENDS** that a Certificate of Appealability be **DENIED** in this case.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 28th day of February, 2013.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE