IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHANDY COLON,<br><br>               Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>               Respondent. | CRIMINAL ACTION NO.<br>1:11-cr-12-WSD-ECS<br><br>CIVIL ACTION NO.<br>1:13-cv-462-WSD-ECS |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge E. Clayton Scofield's Final Report and Recommendation [46] ("R&R") on Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [45] ("Section 2255 Motion").

**I.     BACKGROUND**[1]

On December 16, 2010, Movant Johandy Colon ("Movant") was arrested at the Atlanta airport and subsequently charged with (i) illegal reentry of an alien deported after an aggravated felony, (ii) false representation of United States

---

[1] The facts are taken from the R&R and the record. The parties have not objected to the facts set out in the R&R, and finding no plain error in the Magistrate Judge's findings, the Court adopts them. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

citizenship, and (iii) making false statements in an application for and use of a passport.  On March 19, 2011, Movant entered a non-negotiated plea of guilty to the charges.  On June 3, 2011, after finding that Movant's history included a deportation to the Dominican Republic after at least three convictions for unlawful firearms possession and two drug possession convictions, the Court sentenced Movant to 70 months in prison.  Movant appealed his sentence to the U.S. Court of Appeals for the Eleventh Circuit, which affirmed Movant's sentence.

On February 11, 2013, Movant filed his Section 2255 Motion seeking to have his sentence vacated on the ground that he was afforded ineffective assistance of counsel because his attorney failed, at the sentencing hearing, to request that Movant be sentenced pursuant to a "fast track" program.

On February 28, 2013, Judge Scofield issued his R&R on the Section 2255 Motion.  Judge Scofield noted that "fast track" programs were developed in a few judicial districts to incentivize speedy guilty pleas, and appeal waivers, in certain immigration-related cases, in exchange for "cooperation" and "acceptance of responsibility" consideration at sentencing beyond that already contemplated by the U.S. Sentencing Guidelines.  Not all judicial districts had "fast track" programs, and courts have held that the lack of such a program does not violate a defendant's rights.  At the time of Movant's arrest, the Northern District of

Georgia did not have a "fast track" program.[2]  Under the ineffective assistance of counsel standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), Judge Scofield concluded that Movant was not prejudiced by his attorney's failure to seek a "fast track" sentence because "fast track" was not available.[3]

Finding Movant's arguments to be without merit, Judge Scofield recommends that the Section 2255 Motion be denied.  Judge Scofield further recommends that the Court deny Movant a certificate of appealability because it is not debatable that Movant is not entitled to relief under Section 2255.  Petitioner did not file objections to the R&R.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1) (Supp. IV 2010);

---

[2] Judge Scofiled noted that, on January 31, 2012, the Department of Justice directed all districts to develop "fast track" programs by March 1, 2012.  Judge Scofield further noted that this District's earliest program did not apply to illegal reentry cases.

[3] Judge Scofield further found that, even if the program were available, because "fast track" programs require the defendant to enter a guilty plea within one month of arrest, Movant's attorney could not have been ineffective for failing to seek "fast track" at the sentencing hearing, nearly three months after Movant's arrest.

3

Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). If no party has objected to the report and recommendation, a court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

    B.    Analysis

        1.    *Denial of Section 2255 Motion*

Movant did not object to Judge Scofield's conclusion that Movant's counsel was not ineffective for failing to seek sentencing under a "fast track" program, which did not exist in this District at the time of Movant's arrest. The Court does not find plain error in this conclusion. See Strickland, 466 U.S. at 694. The Court concludes that Movant is not entitled to the relief sought in the Section 2255 Motion.

        2.    *Certificate of Appealability*

A district court "must issue or deny a certificate of appealability [under 28 U.S.C. § 2253(c)] when it enters a final order adverse to the appellant." See R. Governing § 2255 Cases 11(a). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is

straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 4884 (2000).  The Court agrees with Judge Scofield that Movant has not demonstrated that a reasonable jurist could debate whether Movant states a valid claim for relief under 28 U.S.C. § 2255.  Thus, the certificate of appealability is denied.

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Alan J. Scofield's Final Report and Recommendation [46] is **ADOPTED**.  Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [45] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability, under Rule 11(a) of the Rules Governing Section 2255 Cases, is **DENIED**.

**SO ORDERED** this 21st day of March, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE